[No. A060872. First Dist., Div. Three. Jan. 12, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS SEAN CURTIN, Defendant and Appellant.

COUNSEL

Stephen Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WERDEGAR, J.**—Dennis Sean Curtin was convicted of second degree burglary (Pen. Code, §§ 459, 460, subd. (b)),[1] grand theft (§ 487, former subd. 1) and forgery (§ 470), all arising out of a single incident in which he cashed a check at a bank by misrepresenting himself as one of the bank's depositors and using a forged signature. He was sentenced to two years in state prison for the burglary, a concurrent term of two years for forgery, and a two-year term stayed under section 654 for theft. On appeal, he contends there was insufficient evidence to support the theft conviction on the only theory presented to the jury, larceny by trick, and the forgery sentence should also have been stayed under section 654.[2] We agree with both contentions; accordingly, we reverse the theft conviction and order the judgment modified to reflect a stay of the sentence for forgery. In all other respects, the judgment is affirmed.

FACTS

A bank teller identified defendant as the man who cashed an $810 check made out to Dan Hart, a depositor at the bank. Defendant presented a photographic identification card with Hart's name and defendant's photograph. The check was drawn on the account of Peter Post and signed "Peter Post." Post, however, testified it was not his signature and he did not authorize any payment to defendant or Dan Hart. The check defendant cashed was from a new set Post had ordered but never received.

---

[1] All further statutory references are to the Penal Code.

[2] Pursuant to this court's miscellaneous order No. 93-1 filed on November 1, 1993, defendant is deemed to have challenged the constitutionality of CALJIC No. 2.90 (reasonable doubt instruction) based on *Sandoval* v. *California*, certiorari granted September 28, 1993, __ U.S. __ [125 L.Ed.2d 789, 114 S.Ct. 40], and that challenge is rejected for the reasons stated in *People* v. *Jennings* (1991) 53 Cal.3d 334, 385-386 [279 Cal.Rptr. 780, 807 P.2d 1009].

DISCUSSION

 The jury was instructed on only one theory of theft, theft by trick and device. The court gave CALJIC No. 14.05 (5th ed. 1988 bound vol.), which requires, inter alia, that in surrendering possession of the property, the victim of the theft "did not intend to transfer the ownership." Defendant correctly contends there was no evidence to satisfy this element of the offense.

 "Although the crimes of larceny by trick and device and obtaining property by false pretenses are much alike, they are aimed at different criminal acquisitive techniques. Larceny by trick and device is the appropriation of property, the possession of which was fraudulently acquired; obtaining property by false pretenses is the fraudulent or deceitful acquisition of both title and possession. [Citations.] In this state, these two offenses, with other larcenous crimes, have been consolidated into the single crime of theft (Pen. Code, § 484), but their elements have not been changed thereby. [Citations.]" (*People* v. *Ashley* (1954) 42 Cal.2d 246, 258 [267 P.2d 271].) While a general verdict of guilt may be sustained on evidence establishing any one of the consolidated theft offenses (*ibid.*; *People* v. *Lafka* (1959) 174 Cal.App.2d 312, 316 [344 P.2d 619]), the offense shown by the evidence must be one on which the jury was instructed and thus could have reached its verdict. (See *People* v. *Smith* (1984) 155 Cal.App.3d 1103, 1145 [203 Cal.Rptr. 196] (lead opn. of Drummond, J.).) Thus, in this case, if the elements of theft by trick were not proven, the conviction cannot be affirmed on the ground the evidence showed defendant's guilt of false pretenses, which has additional required substantive elements, as well as a special corroboration requirement, upon which the jury was not instructed (see CALJIC Nos. 14.10, 14.14 (5th ed. 1988 bound vol.)).

There was no evidence the bank teller intended to surrender to defendant only possession and not title to the money. The event described was an ordinary check-cashing transaction, in which the bank accepted the check payable to its depositor's account in exchange for $810 in cash. While the teller testified she was made suspicious by defendant's clothing and the type of identification he presented, and therefore reported the transaction to her supervisor afterward, nothing she said indicated she intended defendant to have mere possession of the money or to take it for only a limited time or purpose.

The People point out the bank, under its contract with its depositor, was only permitted to pay the money deposited to the depositor or persons authorized by him. Defendant was neither a depositor nor was he authorized

to be paid from the depositor's money. Therefore, the People reason, "[t]he teller (legally) could not intend to transfer title in the deposits" to defendant. Defendant's misrepresentation of himself as a depositor, it is contended, was a trick or device analogous to that of a thief who obtains possession of property by representing he or she is only borrowing it to be used for a limited agreed purpose.

This reasoning is unpersuasive. Defendant's misrepresentation of himself as a depositor, Dan Hart, was certainly a trick or device. But he used it to acquire possession *and* title to the money, not merely possession. The bank did not give defendant the money on any understanding as to its limited use; rather, believing he was Dan Hart, the bank gave defendant the money to keep or use as he would. That the bank might ultimately be contractually responsible to Hart for the unauthorized payment of his deposits to defendant does not affect the teller's intent at the time she cashed the check.

The conviction for grand theft must therefore be reversed. ■ Defendant also contends his sentence for forgery should have been stayed under section 654, because the forgery and burglary were part of the same indivisible transaction, both committed for a single criminal objective, to cash the check. The People concede the point, and we agree it has merit. We will order the judgment modified accordingly.

## DISPOSITION

Defendant's conviction of grand theft on count two is reversed. The convictions of second degree burglary (count one) and forgery (count three) are affirmed. The sentence on count three is ordered stayed pursuant to Penal Code section 654.

Merrill, Acting P. J., and Chin, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 12, 1994.