Filed 2/11/14 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

THE PEOPLE,

    Plaintiff and Respondent,

       v.

LISA ANN CASICA,

    Defendant and Appellant.

G048097

(Super. Ct. No. 10HF2016)

ORDER MODIFYING OPINION
AND DENYING PETITION FOR
REHEARING
(No change in Judgment)

It is ordered that the opinion filed herein on January 24, 2014, be modified as follows:

On page 5 of the opinion, in the second paragraph, the following sentences are deleted: "Further, in the context of a forged check, the crime of forgery is generally complete when the check is tendered, and therefore respondent's temporal analysis is flawed. (See *People v. Wing* (1973) 32 Cal.App.3d 197, 200.)"

This modification does not change the judgment.  The petition for rehearing is DENIED.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

IKOLA, J.

Filed 1/24/14 (unmodified version)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>LISA ANN CASICA,<br><br>　　Defendant and Appellant. | G048097<br><br>(Super. Ct. No. 10HF2016)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed as modified.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Kelley Johnson and Paige Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

*　　　　*　　　　*

Defendant Lisa Ann Casica was convicted of three counts of forgery and three counts of second degree commercial burglary for forging three checks and cashing them on separate occasions. The court sentenced defendant to three years in custody and suspended one year four months on the burglary counts, and sentenced her to three concurrent 16 month terms on the forgery counts. Defendant argues that sentence on the forgery counts should have been stayed pursuant to Penal Code section 654,[1] because the forgeries and burglaries were undertaken with a single objective. We agree with defendant and find there is insufficient evidence of separate intent; thus, section 654 should apply. We order defendant's sentence modified accordingly.

## I

## FACTS

In July 2011, defendant was charged with three counts of second degree commercial burglary (§ 459, 460, subd. (b), counts one, three and five) and three counts of forgery (§ 470, subd. (d), counts two, four and six).

According to the evidence at trial, defendant met Jack McElreath, Jr., at a casino in 2006 or 2007, and they became friends. On May 7, 2008, defendant drove McElreath to Santa Ana in his rental car. She dropped him off at the Orange County Central Justice Center, where he was about to go into custody on a drug diversion program. McElreath left some personal items in his car, including his driver's license and some checks from a Washington Mutual account. He did not give defendant permission to use his checkbook.

McElreath testified at trial that defendant wrote three of McElreath's checks to herself, forged his signature, and cashed each check. The checks were for $1,800, dated May 9, 2008; for $4,000, dated May 14; and for $1,800, dated May 20. McElreath was in custody on those dates, did not have access to the checks, and did not

---

[1] Subsequent statutory references are to the Penal Code.

2

make the checks out to defendant. There was also surveillance footage which showed defendant cashing all three checks at a Washington Mutual branch in Costa Mesa on May 10, May 14, and May 21. McElreath also testified that after he was released from custody, defendant called him to apologize for writing the checks on his account.

Defendant testified at trial that on the day she dropped him off in Santa Ana, McElreath signed each of the three checks, gave them to her, and told her who was to be paid. She cashed the checks and gave the money to the three people that McElreath directed her to pay. She spoke to him on the phone at a later time and told him that she had paid the people as he requested. She also apologized for not contacting him sooner.

One of the individuals defendant claimed to have paid, Anthony Zamora, also testified. Zamora had sold McElreath methamphetamine and he testified that in May 2008, defendant paid him $4,000 in cash to settle a drug debt.

At the conclusion of trial, the jury found defendant guilty on all counts. She was sentenced to the aggravated term of three years on the first count of second degree commercial burglary, with consecutive eight month sentences on the remaining burglary counts, for a total of four years and four months. On each forgery count, defendant was sentenced to serve 16 months concurrently. The court ordered that three years were to be served in county jail with the remainder of the sentence suspended. She also received appropriate custody credits. Defendant now appeals.

II

DISCUSSION

Defendant's only argument on appeal is that sentence on the three forgery counts should have been stayed pursuant to section 654. Section 654, subdivision (a) states: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one

3

provision." Section 654 therefore bars multiple punishment when a defendant is convicted of two or more offenses that are incident to one objective. (*Neal v. State of California* (1960) 55 Cal.2d 11; *People v. Latimer* (1993) 5 Cal.4th 1203 [reaffirming *Neal*].) "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective of the actor*. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal*, *supra*, 55 Cal.2d at p. 19, italics added.)

Whether section 654 applies is generally a question of fact. (*People v. Perez* (1979) 23 Cal.3d 545, 552, fn. 5.) Thus, except in cases of "the applicability of the statute to conceded facts," (*People v. Harrison* (1989) 48 Cal.3d 321, 335) "the trial court's finding will be upheld on appeal if it is supported by substantial evidence. [Citations.]" (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1583.)

Neither party offers us case law directly on point and supported by analysis. Defendant relies heavily on *People v. Curtin* (1994) 22 Cal.App.4th 528 (*Curtin*). That case had facts very similar to this one — the defendant "cashed a check at a bank by misrepresenting himself as one of the bank's depositors and using a forged signature." (*Id.* at p. 530.) Among other arguments, the defendant claimed the burglary count should be stayed under section 654. (*Id.* at p. 532.) The court agreed, but the Attorney General conceded the issue, and therefore it was not analyzed. (*Ibid.*) Defendant also cites to *People v. Kenefick* (2009) 170 Cal.App.4th 114, but the section 654 argument in that case involved forgery with multiple theft-related crimes, rather than burglary alone. (*Id.* at pp. 124-125.) Respondent does not cite us to any case specifically relevant to the facts here, instead relying on the general law pertaining to section 654 and arguing that individual cases must be determined on their facts.

Ultimately, we agree with defendant that substantial evidence of a divided intent was not presented in this case. Respondent argues that defendant committed the forgeries on separate dates from the burglaries, relying on the dates written on the checks compared to the dates they were cashed. Thus, respondent argues, defendant's "objective in committing the forgeries was to deceive Washington Mutual employees into casing the checks." Her objective in the burglaries, however, "was to take money from McElreath's account."[2]

We find this argument unpersuasive and, frankly, based on somewhat tortured logic. Defendant argues that she committed each count of forgery and burglary together, as a single course of conduct, with the goal of obtaining money via the forged checks. There would be little point in forging the checks without cashing them, and cashing the checks would be impossible without the forgeries. Thus, it is logical to conclude that defendant only harbored one intent — to obtain money from McElreath's account. Speculation about any other intent harbored by defendant is just that, speculation, and therefore not supported by substantial evidence. Further, in the context of a forged check, the crime of forgery is generally complete when the check is tendered, and therefore respondent's temporal analysis is flawed. (See *People v. Wing* (1973) 32 Cal.App.3d 197, 200.) We therefore agree with the holding in *Curtin* that "the forgery and burglary were part of the same indivisible transaction, both committed for a single criminal objective, to cash the check." (*Curtin*, *supra*, 22 Cal.App.4th at p. 532.)

---

[2] Respondent also refers us to the trial court's "express findings regarding the divisibility of the transactions." The extent of the trial court's findings was as follows: "I do not believe that 654 applies in that these are separate acts by the defendant."

## III

## DISPOSITION

The trial court is ordered to modify the sentence on counts two, four and six to reflect a stay pursuant to section 654. The trial court is also directed to forward a copy of the new abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.