Filed 2/2/16  P. v. Williams CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRANDON SHAUN WILLIAMS,

    Defendant and Appellant.

E063473

(Super.Ct.No. INF063849)

OPINION

APPEAL from the Superior Court of Riverside County.  Charles Everett Stafford, Jr., Judge.  Affirmed.

Eric S. Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Brandon Shaun Williams appeals from the denial of his petition under Penal Code section 1170.18[1] for reclassification of his 2009 convictions of second degree commercial burglary (§ 459) and use of a stolen access card (§ 484g, subd. (a)) to misdemeanors. Defendant contends his offenses were eligible for resentencing, and the trial court erred in finding he posed a serious risk to the community under section 1170.18, subdivision (b). We will affirm.

FACTS AND PROCEDURAL BACKGROUND

In November 2009, defendant entered a plea of guilty to second degree commercial burglary (§ 459) and use of a stolen access card (§ 484g, subd. (a)). The trial court found a factual basis for the plea on the basis of defendant's oral statement; however, the reporter's transcript of the plea hearing has not been made part of the record on appeal. The trial court sentenced him to 16 months in prison to run consecutive to a sentence he was serving in another case for first degree burglary.

On December 15, 2014, defendant filed a petition under section 1170.18 to have his conviction for commercial burglary reduced to misdemeanor shoplifting. (§ 459.5.) At the hearing on defendant's petition, his counsel argued that defendant "entered that Wal-Mart to commit theft. Wal-Mart is a commercial establishment. He went in to steal from Wal-Mart. The fact that he used a credit card instead of taking the items doesn't

---

[1] All further statutory references are to the Penal Code.

2

change the fact that he entered the building to commit larceny, a theft." Counsel further represented that the value of the goods stolen was less than $950.

The trial court denied the petition. The trial court stated, "The court finds that he is ineligible. He was convicted of second degree burglary that was—the sentence was consecutive to a first degree burglary. [¶] And it appears that the defendant is ineligible because he was convicted of second degree burglary, not shoplifting but second degree burglary. And it would appear, based on the case that it went consecutive to, that he poses a serious risk to the community and that would make him ineligible as well."

DISCUSSION

*Standard of Review*

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

*Overview of Proposition 47 and Section 1170.18*

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among

3

other statutory provisions, section 1170.18. Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Specifically, section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

*Defendant's Offense Was Not Shoplifting*

Defendant contends his burglary conviction (§ 459) was eligible for resentencing as misdemeanor shoplifting (§ 459.5).

Proposition 47 added section 459.5, which defines the offense of shoplifting: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, [with exceptions not here relevant]. [¶] (b) Any act of

4

shoplifting as defined in subdivision (a) shall be charged as shoplifting.  No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Under section 459.5, shoplifting is committed when a defendant enters a commercial establishment during regular business hours "with intent to commit larceny." (§ 459.5, subd. (a).)  The elements of the crime of larceny are that a person "(1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass and (5) with intent to steal the property, and (6) carries the property away." (*People v. Davis* (1998) 19 Cal.4th 301, 305.)  The People argue that the trial court properly denied relief because defendant entered the store with the intent to commit the crime of theft by false pretenses, not larceny, and theft by false pretenses is not a trespassory taking.

The case of *People v. Williams* (2013) 57 Cal.4th 776, 788-789, clarified that theft by larceny and acquiring property by false pretenses are distinct and mutually exclusive offenses.  In that case, the defendant used payment cards re-encoded with another person's credit card information to buy Walmart gift cards and then used force against a security guard who tried to detain him.  The defendant appealed his ensuing robbery conviction, and our Supreme Court reversed on the ground that the defendant had acquired property through his false representation.  The court explained, "Because a 'felonious taking,' as required in California's robbery statute (§ 211), must be *without the consent* of the property owner, or 'against his will' ([§ 211]), and Walmart *consented* to

5

the sale of the gift cards, defendant did not commit a *trespassory* (nonconsensual) taking, and hence did not commit robbery." (*Id.* at p. 788.)

In *People v. Curtin* (1994) 22 Cal.App.4th 528, the court held that when the defendant entered a bank, cashed a check made out to himself but drawn on the account of another depositor without permission or authorization, the crime was that of obtaining property by false pretenses, not that of larceny by trick. (*Id.* at p. 532.) The court explained, "'Although the crimes of larceny by trick . . . and obtaining property by false pretenses are much alike, they are aimed at different criminal acquisition techniques.'" (*Id.* at p. 531.) The court continued, "Defendant's misrepresentation of himself as a depositor . . . was certainly a trick or device. But he used it to acquire possession *and* title to the money, not merely possession. The bank did not give defendant the money on any understanding as to its limited use; rather, believing he was [the depositor], the bank gave defendant the money to keep or use as he would." (*Id.* at p. 532.)

A defendant seeking relief under section 1170.18 "'"has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."'" (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Here, defendant failed to establish that he entered the Walmart with the intent to commit larceny rather than theft by false pretenses.

6

*Determination of Risk to Community*

Defendant contends the trial court erred in finding he posed a serious risk to the community under section 1170.18, subdivision (b).  Because we have determined that defendant's burglary conviction did not qualify for resentencing under section 459.5, defendant's contention is moot.

*Resentencing on Conviction for Use of Stolen Access Card*

Defendant argues that the trial court erred in failing to resentence him to a misdemeanor for his use of an access card conviction.  (§ 484g, subd. (a).)  Defendant's petition requested only that his second degree burglary conviction be reduced to a misdemeanor.  He did not argue in his points and authorities in support of his petition that he should be resentenced for his conviction of use of a stolen access card, and he did not raise the issue at the hearing on his petition.  Defendant must file a petition in the trial court seeking a determination whether his conviction under section 484g, subdivision (a), is eligible for resentencing.

## DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

7