Filed 2/9/16  P. v. Carrillo CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PRISCILLA GALLEGOS CARRILLO,<br><br>    Defendant and Appellant. | D067396<br><br><br>(Super. Ct. No. JCF32838) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

Priscilla Gallegos Carrillo pleaded no contest to second degree commercial burglary in violation of Penal Code section 459 (all statutory references are to this code).

The trial court denied Carrillo's petition to recall her felony sentence. She appeals, contending: (1) the trial court erred in denying her petition because her offense meets the statutory definitions of shoplifting and petty theft, which were offenses added in 2014 by Proposition 47, the Safe Neighborhoods and Schools Act of 2014; and (2) the court's failure to grant her petition violated her right to equal protection because forgery and writing bad checks are treated as misdemeanors.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2014, Carrillo obtained the victim's identity card and two checks made out to the victim. Carrillo cashed one of those checks, in the amount of $827.86, at Casa de Cambio La Mejor, a money exchange establishment. She cashed the other check, in the amount of $720.12, at a Chase bank.

The Imperial County District Attorney charged Carrillo with two counts of second degree commercial burglary, four counts of forgery, and one count of identity theft. The second degree burglary charges were for each check cashing incident. Carrillo pleaded no contest to the second degree commercial burglary charge pertaining to her check cashing at Casa de Cambio La Mejor. As part of her plea agreement, Carrillo entered a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, which provided that "[t]he sentencing judge may consider [her] prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence." Pursuant to Carrillo's plea deal, the trial court dismissed the remaining charges against

2

her.  The trial court sentenced Carrillo to three years in custody, but suspended execution of sentence and placed Carrillo on probation for three years.

In November 2014, Carrillo petitioned for resentencing under section 1170.18. She argued the trial court should resentence her to misdemeanor shoplifting under section 459.5.  The trial court denied Carrillo's petition, noting that she entered a plea to second degree commercial burglary with a *Harvey* waiver.

DISCUSSION

I. *Proposition 47*

Carrillo argues the trial court erred in denying her petition to recall her sentence for second degree commercial burglary because her offense meets the statutory definitions of shoplifting under section 459.5 and petty theft under section 490.2.

In November 2014, California voters enacted Proposition 47, which " 'created a new resentencing provision: section 1170.18.  Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  [Citation.]  A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." ' "  (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448 (*Rivas-Colon*).)

"Proposition 47 added section 459.5, which classifies shoplifting as a misdemeanor 'where the value of the property that is taken or intended to be taken does

3

not exceed nine hundred fifty dollars ($950).' [Citation.] '[T]o qualify for resentencing under the new shoplifting statute, the trial court must determine whether defendant entered "a commercial establishment with intent to commit larceny while that establishment [was] open during regular business hours," and whether "the value of the property that [was] taken or intended to be taken" exceeded $950.' " (*Rivas-Colon*, *supra*, 241 Cal.App.4th at p. 448.) "Any act of shoplifting as defined in [section 459.5] shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).)

Similarly, Proposition 47 added section 490.2 regarding petty theft crimes. That section provides "[n]otwithstanding Section 487 [concerning grand theft] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (§ 490.2.)

Here, the parties dispute a threshold matter of whether the value of the property taken exceeded $950. The Attorney General asserts that Carrillo's *Harvey* waiver permits the court to consider dismissed charges in determining her sentence. If we consider the dismissed charges, the value of the property taken totaled $1,547.98, which was the amount of the two checks Carrillo cashed. Carrillo recognizes that a *Harvey* waiver permits the court to consider dismissed charges when imposing sentence. However, she contends a *Harvey* waiver does not permit a court to consider dismissed offenses when determining whether an offense qualifies for resentencing under section 1170.18.

4

Assuming, without expressing an opinion on the matter, that the value of the property was under $950, we nevertheless conclude Carrillo was ineligible for resentencing under the shoplifting and petty theft statutes (§§ 459.5, 490.2).

Carrillo pleaded no contest to second degree commercial burglary in violation of section 459. That section makes it unlawful for persons to enter into statutorily specified premises "with intent to commit grand or petit larceny or any felony." (§ 459.) Where a defendant uses false representations to acquire possession and title to money by cashing a stolen check at a bank, the underlying crime is theft by false pretenses. (*People v. Curtin* (1994) 22 Cal.App.4th 528, 531-532.) Theft by false pretenses differs from larceny in that "*theft by false pretenses*, unlike larceny, has no requirement of asportation. The offense requires only that '(1) the defendant made a false pretense or representation to the owner of property; (2) with the intent to defraud the owner of that property; and (3) the owner transferred the property to the defendant in reliance on the representation.' " (*People v. Williams* (2013) 57 Cal.4th 776, 787 (*Williams*).) Additionally, theft by false pretenses involves a consensual taking, whereas larceny requires a taking without the property owner's consent. (*Id.* at p. 788.)

As we explained in *People v. Gonzales*, the crime of cashing stolen checks at a bank does not constitute shoplifting under section 459.5 because shoplifting requires an intent to commit larceny, which in turn requires a *nonconsensual* taking of property. (*People v. Gonzales* (2015) 242 Cal.App.4th 35, 38-39; see also *Williams*, *supra*, 57 Cal.4th at pp. 788-789 [defendant's use of a credit card, which was encoded with a third party's credit card information, to purchase gift cards at Walmart did not constitute

5

larceny because the store consented to transferring title to the gift cards to defendant based on his false representations]).  Although section 490a provides that " '[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall . . . be read and interpreted as if the word "theft" were substituted therefor,' " our high court has made it clear that section " 'is simply to effect a change in nomenclature *without disturbing the substance of any law*.' "  (*Williams*, *supra*, at p. 789.) Section 490a did not change the elements of larceny, false pretenses, and embezzlement. (*Id*. at p. 786.)  Thus, despite section 490a, shoplifting under section 459.5 requires a larceny, which includes the element of a nonconsensual taking.

Where, as here, Carrillo cashed a check at a money exchange establishment, the establishment consented to transferring title and possession of the money it gave to Carrillo based on Carrillo's false representations.  (*Gonzales*, *supra*, 242 Cal.App.4th at p. 39.)  These facts establish theft by false pretenses, not larceny.  Accordingly, Carillo's crime does not fit within the statutory definition of shoplifting under section 459.5.

We also reject Carrillo's argument that the trial court should have resentenced her to a misdemeanor because her crime was a petty theft under section 490.2.  In this case, Carrillo pleaded no contest to second degree commercial burglary.  "The gravamen of a charge of burglary is the act of entry which must be accompanied by a felonious intent." (*People v. Walters* (1967) 249 Cal.App.2d 547, 550.)  Thus, section 459 punishes entry into a specified premises with felonious intent.  Petty theft, on the other hand, punishes the wrongful obtainment of property.  (§ 490.2.)  Accordingly, the crime to which

Carrillo pleaded no contest did not constitute petty theft under section 490.2 and does not require resentencing under that statute.

## II. *Equal Protection*

Carrillo argues the court's failure to grant her petition violated her right to equal protection because forgery and writing bad checks are treated as misdemeanors. She contends that persons who take money by writing bad checks or forging checks are similarly situated to persons who commit burglary by cashing a stolen check. We reject Carrillo's argument.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." A similar requirement appears in the California Constitution, article I, section 7.

Here, Carrillo was not similarly situated to offenders who commit the misdemeanor crimes of forgery and writing bad checks. "Generally, offenders who commit different crimes are not similarly situated." (*People v. Doyle* (2013) 220 Cal.App.4th 1251, 1266.) As we explained, burglary under section 459 punishes entry into specified premises with felonious intent. Entry into a premises poses a risk to others not present in the crimes of writing bad checks (§ 476a) and check forgery (§ 473). Thus, the crimes are different and the offenders who commit those crimes are not similarly situated.

In any event, applying rational basis scrutiny, the California Supreme Court has held that "neither the existence of two identical criminal statutes prescribing different

levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)  Absent a showing that a particular defendant  " 'has been singled out deliberately for prosecution on the basis of some invidious criterion, . . . the defendant cannot make out an equal protection violation.' "  (*Id.* at p. 839.)  Carrillo has not made that showing in this case.  Accordingly, her equal protection argument fails.

DISPOSITION

The order is affirmed.

McINTYRE, J.

I CONCUR:

O'ROURKE, J.

McDONALD, J., Dissenting.

I disagree with the majority opinion and would reverse the trial court's order denying the petition for recall of defendant's sentence.

Defendant Priscilla Gallegos Carrillo appeals the denial of her petition for recall of sentence and request for resentencing under Penal Code[1] section 1170.18 (Proposition 47). Carrillo pleaded no contest to one count of second degree commercial burglary (§ 459). She contends that under Proposition 47 she is entitled to automatic reduction of her felony commercial burglary conviction to misdemeanor shoplifting (§ 459.5).

In April 2014, Carrillo was charged with two counts of second degree commercial burglary (§ 459), four counts of forgery (§§ 470, subd. (a), 475, subd. (c)), and one count of identity theft (§ 530.5). Carrillo stole the identity of the victim, Vanessa Wells, and obtained the victim's identity card and two checks made out to the victim. Carrillo pleaded no contest to one count of second degree commercial burglary for using false identification and cashing a stolen check for $827.86 at Casa de Cambio La Mejor. As a part of her plea agreement, the other charges were dismissed and Carrillo entered into a *Harvey*[2] waiver, agreeing that the trial court may consider her prior criminal history when granting probation, ordering restitution, or imposing a sentence. The trial court sentenced Carrillo to three years in state prison. The court suspended the execution of the

---

[1]     All subsequent statutory references are to the Penal Code unless otherwise specified.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

sentence and ordered Carrillo to serve three years on felony probation and 112 days in county jail.

On November 4, 2014, California voters approved Proposition 47—the Safe Neighborhoods and Schools Act. (S.D. Voter Information Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, pp. 70-74 (Pamphlet).) It became effective the next day. (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 established a new sentencing provision— section 1170.18—that provides : "Authoriz[ation of] consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors." (Pamphlet, *supra*, text of Prop. 47, § 2, at p. 70.) It also added section 459.5 for shoplifting. (Pamphlet, text of Prop. 47, § 5, at p. 71.) Prior to the amendment, shoplifting of property worth $950 or less (a type of petty theft) was often a misdemeanor but could be charged as a felony under the burglary statute (§ 459). As a result of the amendment, shoplifting became punishable only as a misdemeanor if the property value does not exceed $950. (Pamphlet, text of Prop. 47, § 5, at p. 71.)

On November 18, 2014, following the enactment of Proposition 47, Carrillo filed a petition requesting recall of her sentence and resentencing under section 1170.18. Carrillo argued that her second degree burglary conviction should be resentenced as misdemeanor shoplifting (§ 459.5) because the stolen cashed check was for less than $950 and Proposition 47 applies retroactively. The trial court denied the petition, finding that Carrillo entered a plea with a *Harvey* waiver and commercial burglary (§ 459) was not one of the enumerated offenses eligible for resentencing under section 1170.18. The

trial court also determined it would not apply section 459.5 retroactively. Carrillo timely appealed. The majority opinion affirms the trial court order.

On appeal, Carrillo contends that her second degree commercial burglary conviction should be reduced to a misdemeanor shoplifting offense (§ 459.5). She argues that had Proposition 47 been in effect at the time of her offense, she would have faced a charge of shoplifting, not commercial burglary, because the theft did not exceed $950. She maintains the provisions of Proposition 47 carve out exceptions for certain theft-related offenses under $950. The People contend Carrillo is ineligible because she did not shoplift actual merchandise but rather cashed a stolen check using a false identity. The People further argue the amount of the theft exceeds $950 because Carrillo had another stolen check in her possession at the time of her arrest.

Carrillo also contends that the statutory construction and voter intent of section 1170.18, subdivision (a), allows the trial court to consider any offense—not just those enumerated—for resentencing, if the offense would have been a misdemeanor had Proposition 47 then been in effect. The People maintain that only defendants convicted of crimes specifically enumerated under section 1170.18 may petition for recall and resentence. Carrillo argues the offenses in section 1170.18, subdivision (a), apply retroactively for an automatic reduction in sentence.

*Standard of Review*

Statutory construction is a question of law we decide de novo. (*People ex. rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) In interpreting a voter initiative like Proposition 47, we apply the same principles that govern statutory

3

construction. (See *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) We turn to the language of the statute and give the words their ordinary meaning. (*People v. Birkett* (1999) 21 Cal.4th 226, 231.) The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. (*Horwich*, at p. 276.) If the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." (*Birkett*, at p. 243.) When a penal statute is still reasonably susceptible to multiple constructions, we ordinarily adopt the " 'construction which is more favorable to the offender.' " (*People v. Davis* (1981) 29 Cal.3d 814, 828.)

*Proposition 47*

Proposition 47 reclassified certain nonserious, nonviolent theft- and drug-related crimes from felonies to misdemeanors unless the defendant had prior convictions for specified violent or serious crimes. It also established a procedure for qualifying defendants to petition for recall and modification of their prior convictions and sentences.

Among its reclassifying provisions, Proposition 47 added a new crime—shoplifting. Shoplifting is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5.) The newly enacted statute also provides that shoplifting is charged as a misdemeanor unless the defendant has a disqualifying prior conviction under section 667, subdivision (e)(2)(C), or a sex offense requiring registration pursuant to section 290, subdivision (c). (§ 459.5.)

4

Proposition 47 also created a new resentencing provision—section 1170.18. It provides that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . [and] resentencing" in accordance with sections 459.5, 473, 476a, 490.2, 496, or 666. (§ 1170.18, subd. (a).) A person who satisfies the statutory criteria shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

### *Proposition 47's application to Section 459*

Proposition 47 reduced the penalties for a number of theft-related wobbler offenses, including second degree burglary where the defendant enters a commercial establishment with intent to steal. Carrillo contends that her second degree burglary conviction is now classified under Proposition 47 as a misdemeanor, either as shoplifting (§ 459.5) or petty theft (§ 490.2). The majority opinion disagrees, concluding Carrillo's crime is one of theft by false pretenses, rather than larceny, relying on *People v. Williams* (2013) 57 Cal.4th 776, 787 (*Williams*) and *People v. Gonzales* (2015) 242 Cal.App.4th 35. The majority concludes Carrillo did not commit larceny, and therefore her crime does not fall within the shoplifting statute because it lacked asportation and it was not a nonconsensual taking of property. Although I agree her crime is not within the petty theft

5

statute, it does fall within the shoplifting statute for resentencing consideration under section 1170.18.

The majority opinion is correct that Carrillo's crime fits within the parameters of "theft by false pretenses," yet theft by false pretenses is inclusive of the burglary statute. (§ 459.) Additionally, there is nothing in the record to indicate the People considered classifying Carrillo's crime as anything other than commercial burglary under section 459—raising the question: if it is a crime of theft by false pretenses, why was this not considered at the outset?[3] It is not this court's role to reclassify Carrillo's offense as one of the many theft-related crimes for which it could qualify, but rather it is our role to determine whether her crime, as charged, qualifies for resentencing pursuant to section 1170.18. Prior to Proposition 47, Carrillo's offense—a wobbler—could have been charged as either burglary or shoplifting, falling within the resentencing provisions of section 1170.18.

The majority opinion concludes Carrillo's crime does not fit the colloquial definition of "shoplifting" as defined in section 459.5—however, the same can be stated for her original commercial burglary conviction. Relying on *Gonzales*, the majority concludes that cashing a stolen check does not constitute shoplifting under section 459.5 because shoplifting requires an intent to commit larceny. In *Gonzales*, the defendant was also convicted of commercial burglary under section 459 for cashing stolen checks and the court declined to consider the defendant's appeal for resentencing because section 459

---

3      Carrillo was charged with two counts of second degree commercial burglary (§ 459), four counts of forgery (§§ 470, subd. (a), 475, subd. (c)), and one count of identity theft (§ 530.5).

6

is not listed explicitly in section 1170.18. Based upon this reasoning, no wobbler offense would ever be eligible for resentencing under 1170.18. The plain text of section 1170.18 states "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . in accordance with Section . . . 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code." (§ 1170.18, subd. (a).) This language does not limit resentencing to only those crimes enumerated but rather applies to any wobbler offense that now would be a misdemeanor under Proposition 47. (Pamphlet, *supra*, text of Prop. 47, § 14, pp. 73-74.) "The only persons categorically ineligible are those with prior convictions for an enumerated handful of serious crimes, such as murder, rape, or child molestation." (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.) The statute does not otherwise disqualify the petition. (*Ibid.*) If a defendant's offense could have been charged as a misdemeanor under sections 459.5, 473, 476a, 490.2, 496, or 666 had Proposition 47 been enacted at the time of the crime, he or she is eligible for resentencing. If the Legislature intended to limit the court's discretion in considering theft- and drug-related wobbler crimes for resentencing under section 1170.18, it would have not provided for "[a] person currently serving a sentence for a conviction . . . ." (§ 1170.18, subd. (a).)

The majority opinion relies on *Gonzales* for the proposition that the crime of cashing a stolen check does not constitute shoplifting under section 459.5 because shoplifting requires an intent to commit larceny. The technical distinctions the majority

7

opinion makes between shoplifting and theft by false pretenses, particularly in the context of Carrillo's original charges for commercial burglary, overlook the consolidated statutory scheme enacted by our Legislature in 1927. (See *People v. Gomez* (2008) 43 Cal.4th 249, 255, fn. 4; § 484.) The consolidation is composed of many different common law theft-related crimes, including embezzlement, theft by larceny, theft by trick or device, and theft by false pretenses. (§ 484; see also *People v. Nazary* (2010) 191 Cal.App.4th 727, 740.) "The purpose of the consolidation was to remove the technicalities that existed in the pleading and proof of these crimes at common law. Indictments and informations charging [any] crime of 'theft' can now simply allege an 'unlawful taking . . .' [citation] . . . [and guilt may be found by the jury] if they find that an 'unlawful taking' has been proved." (*People v. Ashley* (1954) 42 Cal.2d 246, 258.) Even though a "layperson might understand 'shoplifting' to mean entering a retail store during regular business hours with the intent to steal displayed merchandise, . . . that is not how the voters defined 'shoplifting' in section 459.5; instead, they defined it as entering a commercial establishment during business hours with the 'intent to commit larceny.' " (*People v. Vargas* (Jan. 19, 2016, B262129) ___ Cal.App.4th ___ [2016 Cal.App. Lexis 36, at p. *3].) Black's Law Dictionary defines "property" as "[a]ny external thing over which the rights of possession, use, and enjoyment are exercised." (Black's Law Dict. (10th ed. 2014.) p. 1410, col. 2.) Under Proposition 47, "[s]hoplifting shall be punished as a misdemeanor . . . ." (Pamphlet, *supra*, text of Prop. 47, § 5, p. 71.) If I were to interpret the statute as narrowly as the majority opinion, it would require rewriting the statute.

Unlike the majority, I decline to follow *Gonzales* and disagree that the phrase "intent to commit larceny" excludes the intent to commit theft by false pretenses. Larceny is statutorily equated with "theft" and "theft" is defined to include theft by false pretenses, that is "knowingly and designedly, by any false or fraudulent representation or pretense, defraud[ing] any other person of money, labor or real or personal property." (§ 484, subd. (a).) In *People v. Nguyen* (1995) 40 Cal.App.4th 28, the defendant faced burglary charges for giving a worthless check in exchange for property and argued that he did not intend to commit larceny but rather theft by false pretenses. (*Id.* at pp. 30-31.) As stated by this court, "the Legislature amended the larceny statute to define theft as including the crimes of larceny, embezzlement and obtaining property by false pretense. [Citation.] At the same time, the Legislature also enacted section 490a stating, '[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor.' [Citation.] Thus, the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Nguyen*, at p. 31.) Furthermore, asportation is not an issue as posited by the majority opinion. Asportation is established for purposes of larceny because Carrillo attempted to leave the retail establishment after she cashed the stolen check. Asportation only requires the slightest movement to satisfy the statutory requirements of larceny. (See *People v. Meyer* (1888) 75 Cal. 383, 384-385 [finding asportation when defendant attempted to steal a coat that was chained to a store mannequin even though he was unable to even remove the coat from the premises].)

9

The majority opinion also relies on *Williams,* which addressed a different legal issue than present here—whether false pretenses, an element of robbery, requires theft by larceny. In *Williams*, the court found that using a third party's credit card to purchase Walmart gift cards did not constitute larceny because the store consented to the transfer of the gift cards based on the defendant's false representations. (*Williams*, *supra*, 57 Cal.4th at p. 789.) In *People v. Curtin* (1994) 22 Cal.App.4th 528, the court again addressed a separate issue. There, the court considered whether a grand theft conviction (§ 487, former subd. (1)) presented only a theory of larceny by trick that could be sustained when the elements had not been met.

This case, however, concerns burglary—not robbery or grand theft—and neither *Williams* nor *Curtin* analyzed the distinction between theft by false pretenses and commercial burglary. " ' "It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered." ' " (*People v. Knoller* (2007) 41 Cal.4th 139, 154-155.) The Supreme Court held in *People v. Parson* (2008) 44 Cal.4th 332 that burglary may be satisfied by false pretenses. (*Id.* at p. 354 [holding that "[a]n intent to commit theft by a false pretense or a false promise without the intent to perform will support a burglary conviction"].)

Under section 459, burglary is the entering of any structure with intent to commit grand or petit larceny or any felony. (§ 459.) The crime of burglary is premised on the danger to personal safety created when one invades another's dwelling or establishment—"[s]ection 459, in short, is aimed at the danger caused by the unauthorized entry itself."

10

(*People v. Gauze* (1975) 15 Cal.3d 709, 715.)  Shoplifting does not carry the same threat to personal safety, but prior to Proposition 47 could still be charged as a wobbler offense under section 459.  "But the voters clearly recognized that not all burglaries are created equal . . . [and] [b]y ensuring shoplifting is now charged as a misdemeanor when the value of the property taken is less than $950, the voters recognized" that theft-related crimes may not meet the colloquial definitions or invoke the risk of violence.  (*People v. Vargas*, *supra*, ___ Cal.App.4th ___ [2016 Cal.App. Lexis at pp. 22-23].)

Furthermore, contrary to the majority opinion's view, consent or lack thereof is not required under the shoplifting statute and the holding neglects to recognize the conflict between *Williams* and *People v. Davis* (1998) 19 Cal.4th 301.  The reasoning relied on is not persuasive because it is established precedent that "[t]he act of taking personal property from the possession of another is always a trespass unless the owner consents to the taking freely and unconditionally . . . ."  (*Davis*, at p. 305, fns. omitted.)  As stated in *People v. Gomez* (2008) 43 Cal.4th 249, " '[w]hen the perpetrator and victim remain in close proximity, a reasonable assumption is that, if not prevented from doing so, the victim will attempt to reclaim his or her property.' "  (*Id.* at p. 264.)  *Williams* even cites *Davis* for the proposition that " 'consent . . . procured by fraud . . . is invalid.' "  (*Williams*, *supra*, 57 Cal.4th at p. 784; quoting *Davis*, at p. 305, fn. 3; see also *People v. Edwards* (1925) 72 Cal.App. 102, 113 [holding that when consent is procured by fraud it is invalid].)  In fraudulent transactions, the fraud will supply the place of the trespass (nonconsensual) taking and make the conversion felonious.  (*Edwards*, at p. 114.)

In *Davis*, the defendant took a shirt from its hanger in a department store and attempted to return it for a refund. (*People v. Davis*, *supra*, 19 Cal.4th at p. 303.) The defendant argued that his crime was theft by false pretenses rather than larceny, and contended his crime should be divided into the separate acts of taking the shirt and fraudulently attempting to receive a refund. (*Id.* at p. 305.) The court found separating the acts ignores the wrongful nature of his initial conduct of taking the shirt. (*Id.* at p. 306.) The same can be said here. Carrillo's first act was actually stealing the checkbook from the victim, and the second act is attempting to shoplift by cashing a check at a retail establishment. To separate the acts and classify her crime as theft by false pretenses only, as concluded by the majority opinion, negates this initial wrongful conduct. This reasoning along with our previous ruling in *Nguyen* and *Vargas*, that burglary-related crimes are inclusive of theft by false pretenses, demonstrates that *Williams*—a holding resting on the felonious taking element of the robbery statute, not any crime of burglary—is distinguishable from the current issue before the court.

*The Harvey Waiver and Proposition 47*

The majority opinion does not explicitly address the issue of Carrillo's *Harvey* waiver in the context of Proposition 47 application. The trial court found that Carrillo did not qualify for resentencing under Proposition 47 because she entered a plea with a *Harvey* waiver. A standard *Harvey* waiver allows the sentencing judge to consider a defendant's entire criminal history, including unfiled or dismissed charges, when determining a sentence. (See *People v. Harvey, supra,* 25 Cal.3d 754.) Although the

12

*Harvey* waiver has application on the trial court's ultimate determination to resentence a defendant under Proposition 47, it does not bar a petition under section 1170.18.

Although Carrillo had another stolen check in her possession at the time of her arrest, she was ultimately charged with only commercial burglary of the one check for $827.86. A *Harvey* waiver by its express terms operates in conjunction with plea bargaining. (See *People v. Martin* (2010) 51 Cal.4th 75, 80.) The waiver does not limit a defendant's petition for resentencing under Proposition 47, as section 1170.18 clearly states that any person "currently serving a sentence for a conviction, whether by trial or plea" may petition for recall. (§ 1170.18, subd. (a).) Eligibility determinations under section 1170.18 are limited only to the record of conviction and because Carrillo faced no charges for the additional check, her crime falls within the $950 threshold in section 459.5. (See *People v. Guerrero* (1988) 44 Cal.3d 343, 352.) The trial court may use the *Harvey* waiver in its final decision to resentence under section 1170.18 because the trial court shall resentence an offense as a misdemeanor "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

*Conclusion*

I would reverse the order and remand the matter to the trial court to consider the petition and to determine whether resentencing poses an unreasonable risk to public safety.

McDONALD, Acting P. J.

13