Filed 10/28/24  P. v. Harris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C098894 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FE-2022-0009338) |
| v. | |
| JARONE JERMAINE HARRIS, | |
| Defendant and Appellant. | |

Defendant Jarone Jermaine Harris tried to buy a cell phone from the victim using fake money and attempted to flee before the victim could count the money.  This resulted in a struggle as the victim tried to regain possession of the cell phone.  Defendant was convicted of attempted robbery and assault with force likely to produce great bodily injury.  On appeal, defendant contends there was insufficient evidence of a felonious taking as required for robbery and instead the crime committed was theft by false pretenses.  We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2022, defendant responded to the victim's online advertisement to sell his cell phone. The victim understood little English but agreed to meet defendant at a park.

After greeting the victim at the park, defendant requested to see the cell phone by "signaling" and the victim showed defendant his cell phone. The victim then erased his personal information from the phone and handed the cell phone to defendant. Defendant gave the victim a roll of bills bound together with a rubber band. Before the victim could count the bills or take the rubber band off the bills, defendant began walking toward his car with the victim's cell phone. The victim became suspicious and felt the roll of bills, suspecting the money was fake. As defendant made his way toward his car, which was idling with the car door open, the victim yelled at defendant in Spanish that the bills were fake and to stop. Defendant signaled with his hands to the victim to stay back and continued walking toward his car.

The victim followed defendant to his car and after he grabbed defendant's car keys, a fight ensued where defendant hit and bit the victim while attempting to drive away. Eventually, the victim retrieved his phone and fled with defendant's keys. Defendant eventually fled. When police officers arrived at the scene, they conducted a search of defendant's car and found 95 fake $100 bills. Additional police officers located and detained defendant, who was identified by the victim as the man who took his cell phone. Defendant was arrested.

At trial, the victim testified he would not have allowed defendant to take the cell phone if he knew the money was fake.

Based on the facts above, the jury found defendant guilty of attempted robbery and assault with force likely to produce great bodily injury. The trial court sentenced defendant to a total of six years.

Defendant appeals.

DISCUSSION

Defendant contends the evidence was insufficient to support the felonious taking and the force or fear elements required for attempted robbery and argues the evidence instead supports theft by false pretenses. We disagree.

The standard of review for sufficiency of the evidence requires us to " ' " 'review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence [that] is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' [Citation.] . . . 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence.' " (*People v. Brooks* (2017) 3 Cal.5th 1, 57.) We do not reweigh or settle conflicts in the evidence, nor do we assess the credibility of witnesses. (*In re Caden C.* (2021) 11 Cal.5th 614, 640.) Logical inferences the jury may have drawn must be accepted, including inferences drawn from circumstantial evidence. (*People v. Maury* (2003) 30 Cal.4th 342, 396.) Even if the circumstances may reasonably support a contrary inference or finding, reversal of judgment " ' " 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict." ' " (*People v. Lucero* (2019) 41 Cal.App.5th 370, 411, italics omitted.) "Even when there is a significant amount of countervailing evidence, the testimony of a single witness that satisfies the [substantial evidence] standard is sufficient to uphold the [jury's verdict]." (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1052.)

"Robbery is the felonious taking of personal property in the possession of another, from his [or her] person or immediate presence, and against his [or her] will, accomplished by means of force or fear." (Pen. Code, § 211.) Because " 'robbery is a continuing offense that begins from the time of the original taking until the robber reaches a place of relative safety,' " the force or fear element can be met in the taking *or in the carrying away of the property*. (*People v. Anderson* (2011) 51 Cal.4th 989, 994.)

3

An "[a]ttempted robbery requires . . . 'specific intent to commit robbery and . . . a direct but ineffectual act toward the commission of the crime' " beyond mere preparation. (*People v. Sanchez* (2016) 63 Cal.4th 411, 470; see *People v. Vizcarra* (1980) 110 Cal.App.3d 858, 861.)

Only theft by larceny satisfies the " 'felonious taking' " requirement for robbery. (*People v. Williams* (2013) 57 Cal.4th 776, 786-788.) Theft by larceny requires the taking of another person's property coupled with the intent to steal and carry the property away. (*People v. Gomez* (2008) 43 Cal.4th 249, 254-255.) Because the carrying away of someone else's property is a trespass, larceny is a taking without consent "unless the owner consents to the taking freely and unconditionally or the taker has a legal right to take the property." (*People v. Davis* (1998) 19 Cal.4th 301, 305, fn. omitted; see *People v. Mireles* (2018) 21 Cal.App.5th 237, 242-244.) Unlike theft by false pretenses, where a victim consents to transfer both possession and ownership, larceny's trespassory taking "element . . . like all its other elements, is incorporated into California's robbery statute." (*Williams*, at p. 788; see Pen. Code, §§ 484, subd. (a), 211.)

Defendant argues there could not have been a theft by larceny because the victim's act of erasing his personal information from the cell phone and handing it to defendant was circumstantial evidence establishing the victim's consent to transfer both possession and ownership of the cell phone. Defendant, however, fails to view the evidence in the light most favorable to the jury's verdict as required when reviewing the sufficiency of the evidence. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) For example, it is also reasonable to infer that when the victim handed defendant his cell phone expecting payment and defendant gave the victim a bundle of money before immediately walking away, the transaction had not yet completed. Indeed, defendant did not give the victim a chance to unbind the bills or count the money before retreating to his idling car and attempting to make an escape despite the victim's calls for defendant to stop. While the fact the victim erased his personal information before handing defendant the cell phone

4

may point toward an inference of consensual transfer, as defendant contends, it could also point to an inference the victim intended defendant to inspect the phone while the victim counted defendant's money and completed the transaction. Under substantial evidence review we do not reweigh or resolve this evidentiary conflict. (See *In re Caden C.*, *supra*, 11 Cal.5th at p. 640.) Instead, we must accept the reasonable inference that supports the verdict. (*People v. Maury*, *supra*, 30 Cal.4th at p. 396; see *People v. Lindberg* (2008) 45 Cal.4th 1, 27 ["jury may infer a defendant's specific intent to commit a crime from all of the facts and circumstances shown by the evidence"].)

Defendant disagrees citing *Williams*. In *People v. Williams*, *supra*, 57 Cal.4th at page 780, store employees permitted the defendant to keep a gift card he purchased with a fraudulently encoded payment card. But after the defendant attempted the ruse again, he was confronted by store security guards leading to a brief struggle as he attempted to escape. (*Ibid.*) The defendant's conduct resulted in several convictions, including robbery. (*Ibid.*) After his robbery convictions were affirmed by the appellate court, our Supreme Court reversed, holding robbery requires theft by larceny and the defendant committed theft by false pretenses. (*Id.* at pp. 781, 786-789.) Our Supreme Court reasoned that because the store consented to both the sale of the gift card and allowed the defendant to keep it, the defendant took property with consent and not a trespassory, felonious taking. (*Id.* at pp. 787-789.)

Similarly in *People v. Curtin* (1994) 22 Cal.App.4th 528, 531-532, the appellate court found theft by false pretenses when the defendant fraudulently cashed a check made out to someone else and the bank consented to the defendant taking the withdrawn funds. After finding the jury was instructed only on theft by trick or device, the appellate court reversed the defendant's theft conviction for insufficient evidence of theft by trick. (*Ibid.*) The *Curtin* court concluded in the circumstance of an "ordinary check-cashing transaction," "[t]here was no evidence the bank teller intended to surrender to [the] defendant only possession, and not title to the money." (*Id.* at p. 531.) Because the

5

*Curtin* defendant acquired title and possession, the evidence supported theft by false pretenses. (*Id.* at p. 532.)

But neither *Williams* nor *Curtin* help defendant's argument the victim consensually transferred both title and possession of his cell phone. The circumstances surrounding the check-cashing transaction at issue in *Curtin* mirror the gift card transaction from *Williams*: The defrauded businesses relied on the misrepresentations of payments from the defendants, accepted the fraudulent payments, and permitted the defendants to take the property. (*People v. Curtin*, *supra*, 22 Cal.App.4th at pp. 531-532; *People v. Williams*, *supra*, 57 Cal.4th at p. 780.) In both cases, the defendants did not carry property away from their victims prior to confirmation of payment and the end of false transactions. (*Curtin*, at pp. 531-532; *Williams*, at p. 780.)

Conversely, here there is no evidence the victim ever believed the money was real, nor was there evidence the victim expressed his acceptance of the bills as payment sufficient to transfer ownership of the cell phone. Instead, the victim testified that defendant walked away after handing him the roll of money before he could count it, demonstrating the victim had not consented to transfer ownership of the cell phone at the time defendant took it and carried it away. Further, when the victim clarified his lack of consent by asking defendant to stop, defendant continued to flee with the cell phone. Accordingly, neither *Williams* nor *Curtin* support defendant's argument.

Defendant also argues our decision in *People v. Burgess* (2023) 88 Cal.App.5th 592, which applied the *Williams* clarification of a felonious taking, supports his argument. Not so. In *Burgess*, the defendant appealed the denial of his felony-murder resentencing petition, challenging whether sufficient evidence supported the trial court's order finding the defendant committed felony murder based on attempted robbery as the qualifying target felony for felony murder. (*Id.* at pp. 594, 603.) In addition to its ultimate conclusion the defendant committed felony murder, the trial court's order in *Burgess* included detailed and specific factual findings about the defendant and his

6

accomplice's joint intent. (*Id*. at pp. 598-599, 605-606.) Those findings did not include a finding that the defendant and his accomplice intended to take property without consent, i.e., by a felonious taking. (*Ibid*.) We were bound by those findings regardless of the potential findings the evidence could be interpreted to support. (*Ibid*.) Here, on the other hand, the jury delivered a general verdict that included a finding defendant intended to take without consent. Under the sufficiency of the evidence standard we must make reasonable inferences that support that verdict. (See *People v. Maury*, *supra*, 30 Cal.4th at p. 396.)

As demonstrated, the evidence admitted at trial reasonably established defendant intended to take the cell phone without consent. Accordingly, there is sufficient evidence of the felonious taking element required for attempted robbery.

Given this result, we reject defendant's argument there was insufficient evidence of force or fear. To convert a larceny into a robbery, the defendant must use force or fear at any point during the taking or in the carrying away of the property before the defendant reaches a point of relative safety. (*People v. Gomez*, *supra*, 43 Cal.4th at pp. 255-256; accord *People v. Estes* (1983) 147 Cal.App.3d 23, 27-28.) In defendant's attempt to escape with the victim's cell phone, defendant used force when he hit and bit the victim, thus turning his larceny into a robbery.

DISPOSITION

The judgment is affirmed.



/s/_____
ROBIE, Acting P. J.



We concur:



/s/_____
MESIWALA, J.



/s/_____
WISEMAN, J.*

_____

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.