Filed 6/28/16  P. v. Ruiz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>PEDRO L. RUIZ,<br><br>    Defendant and Appellant. | H042398<br>(Monterey County<br>Super. Ct. No. SS142919A) |

**STATEMENT OF THE CASE**

An information charged defendant Pedro L. Ruiz with four counts of lewd acts upon a child under the age of 14 (Pen. Code, § 288, subd. (a); count 1 [describing lewd act as "inserting his penis into her vagina"], count 2 [describing lewd act as "touching" vagina], count five [describing lewd act as "rubbing her vagina with his hand"], and count 6 [describing lewd act as "kissing"]), one count of contacting a minor with intent to commit a sexual offense (Pen. Code, § 288.3, subd. (a); count 3), and one count of meeting a minor for lewd purposes (Pen. Code, § 288.4, subd. (b); count 4).  The information alleged that counts 1, 2, 3, and 4 were committed on November 16, 2014, and it alleged that counts 5 and 6 were committed between July 15, 2014 and November 16, 2014.  The named victim in all six counts was Jane Doe.

A jury convicted defendant on all counts.  The trial court sentenced defendant to 12 years in prison as follows:  eight years for count 1, two years for count 5, two years

for count 6, a concurrent eight-year term for count 2, a concurrent three-year term for count 3, and a concurrent four-year term for count 4.

Defendant now appeals from the judgment of conviction. He contends that the trial court prejudicially erred in providing conflicting instructions regarding motive for count 4. He additionally contends that the prison terms for counts 3 and 4 must be stayed pursuant to Penal Code section 654. As set forth below, we will stay the prison terms for counts 3 and 4, and we will affirm the judgment in all other respects.

STATEMENT OF THE FACTS

*Family Members Discover Defendant Engaged in Lewd Conduct with Jane Doe*

In November 2014, Jane Doe's brother played in a band with 24-year-old defendant. Jane Doe, who was 12 years old, had watched the band practice.

On the evening of November 16, 2014, Jane Doe's parents and brother went to a party at their apartment complex. Jane Doe was supposed to attend the party. When her family members left for the party, she was using the family computer and said she would be at the party in a few minutes. After they arrived at the party, Jane Doe's father and brother saw defendant's car drive into the apartment complex. After a few minutes, defendant's car exited the apartment complex.

Jane Doe's family members noticed that Jane Doe had not joined them at the party. Jane Doe's mother went to the family's apartment to get Jane Doe, but Jane Doe was not there. Jane Doe's brother checked the family computer, and he saw Facebook messages that defendant and Jane Doe had exchanged. In the messages, defendant said he wanted to see Jane Doe and would meet her in 10 minutes.

Jane Doe's father, mother, and brother got into the family car and looked for Jane Doe. They eventually saw defendant's car parked in a parking lot. Jane Doe's father opened defendant's car door. Defendant was lying on top of Jane Doe in the reclined passenger seat, and he and Jane Doe were both naked. Defendant was positioned "in

2

between" Jane Doe's legs. Jane Doe's father grabbed and held defendant. Defendant was sweaty and slippery, and defendant said that "she wanted it." Jane Doe's brother saw a police car and flagged it down. Jane Doe's brother told the police officer inside the car that his sister was being "raped." The police officer arrested defendant and took him to the police station.

Jane Doe refused to speak with the police or her family members about what had happened with defendant. She did not testify at trial.

### *Defendant's Confession*

A police officer interviewed defendant at the police station. The interview was videotaped, and the video was played for the jury at trial.

During the interview, defendant said that he knew Jane Doe was 12 years old. Defendant said that he and Jane Doe had been in a boyfriend-girlfriend relationship for about four months. He admitted that his relationship with Jane Doe was wrong. Defendant said that he and Jane Doe arranged to meet on November 16, 2014. He admitted that he rubbed Jane Doe's vagina and had sex with her on November 16, 2014. He explained that he inserted his penis inside her vagina five or six times, but he did it "slowly" because she was a "child."

In the interview, defendant admitted that he had rubbed Jane Doe's vagina before November 16, 2014. He admitted that he had kissed Jane Doe before November 16, 2014. He also said that he sent Jane Doe a picture of his penis through Facebook.

Defendant told the interviewing officer, "I've never gone in with a child like that." Defendant also said, "I have never gone out with little girls."

*Defendant's Online Communications with Jane Doe*

Between November 14, 2014 and November 16, 2014, defendant and Jane Doe engaged in many conversations through Facebook. The prosecution introduced those Facebook messages into evidence.

In a Facebook conversation on November 14, defendant asked Jane Doe when she would turn 13 years old and when she could have a boyfriend. Jane Doe informed defendant that she would not turn 13 years old until June.

In other Facebook conversations on November 14, defendant and Jane Doe arranged to meet late that night. Defendant expressed fear that they would be caught meeting, stating that he could be put "in jail for 15 years for being with a minor girl." At 12:29 a.m. on November 15, defendant informed Jane Doe that he was at her house. At 12:37 a.m. on November 15, Jane Doe responded, "Okay." In the next message, sent at 1:46 a.m. on November 15, defendant said to Jane Doe, "Until tomorrow, beautiful girl."

Later on November 15, defendant sent Jane Doe the following message through Facebook: "How I wish you were older. . . . You are very beautiful. I like your tasty thing." Jane Doe replied with a smiley face image. Defendant then asked, "Will you let me touch it well next time?" In other Facebook conversations on November 15, defendant and Jane Doe expressed their love for each other, and defendant said Jane Doe caused him "damage" because she was "prohibited."

In the morning on November 16, defendant sent Jane Doe Facebook messages in which he said he was going to take a shower and in which he invited her to shower with him. Later on November 16, defendant and Jane Doe sent Facebook messages expressing their love for each other, and defendant told Jane Doe, "I want you." In another Facebook message sent on November 16, defendant told Jane Doe, "[Y]ou make me want to make love to you." Defendant also told Jane Doe that he was "afraid" because she was "very young."

4

In the evening on November 16, defendant used Facebook to arrange a meeting with Jane Doe. Defendant sent Jane Doe the following message: "Can you come out so I can see you?" Jane Doe responded, "Yes." Defendant informed Jane Doe: "I will wait for you where we were last night." Defendant told Jane Doe he would be there in 10 minutes, and she replied, "Okay." Defendant then sent Jane Doe the following message: "I am here. Come."

## DISCUSSION

### I. *Conflicting Instructions Regarding Motive*

Defendant contends that we must reverse his conviction on count 4, a violation of Penal Code section 288.4, because the trial court gave conflicting instructions on the motive element of that crime. As explained below, the trial court committed instructional error, but defendant did not suffer prejudice necessitating reversal.

#### A. *Background*

Count 4 charged defendant with meeting a minor for lewd purposes, in violation of Penal Code section 288.4, subdivision (b), on November 16, 2014. For count 4, the trial court instructed the jury with CALCRIM No. 1126, the pattern instruction for Penal Code section 288.4, subdivision (b). That instruction required the prosecutor to prove that defendant "was motivated by an unnatural or abnormal sexual interest in children."

The trial court also instructed the jury with CALCRIM No. 370, the pattern instruction regarding motive. That instruction informed the jury that the prosecutor was "not required to prove that the defendant had a motive to commit any of the crimes charged."

During closing arguments, the prosecutor informed the jury that "one of the elements for 288.4 [is] that it was motivated by an abnormal or unnatural interest in a child." The prosecutor argued that the motivation element was satisfied because the

5

evidence showed that defendant wanted to have sexual contact with Jane Doe and "[a]ny interest in a child is abnormal and unnatural."

In her closing argument, defense counsel conceded that defendant was guilty of violating Penal Code sections 288.3 and 288.4, as charged in counts 3 and 4. At the beginning of her closing argument, defense counsel informed the jury: "I'm telling you, for those two charges I think you are very easily going to be able to check off the elements of those two charges. I'll give you those. You're easily going to find him guilty of those two charges. My focus is on the other four [charges]." Later in her closing argument, defense counsel stated: "Now, again, remember, counts 3 or 4, this is the contacting a minor to meet and actually following through with the meeting. Got to go through the check mark. [The prosecutor] has to prove it. But I'm pretty sure you're going to find real quickly that all those boxes are checked. That's not going to be an issue, I don't believe."

## B. *The Trial Court Erred*

Defendant contends that the trial court committed instructional error because CALCRIM No. 1126 "told the jury the People must prove [defendant's] motivation" for count 4 and CALCRIM No. 370 "told the jury that the People did *not* have to prove it." (Italics in original.) Defendant emphasizes that the conflicting instructions "relieved the prosecutor of the burden of proving that [defendant] was motivated by an unnatural or abnormal interest in children." The Attorney General concedes that the trial court erred: "[T]he jury was effectively instructed both that a [Penal Code] section 288.4 violation has a motive element and that none of the crimes charged against [defendant] had motive elements . . . . [T]he trial court here should have modified CALCRIM No. 370 to clarify that it was inapplicable to the [Penal Code] section 288.4 violation."

We agree that the trial court committed instructional error. "Motive is not generally an element of a criminal offense. But when it *is* an element, the trial court errs

6

by giving an unmodified version of CALCRIM No. 370. . . .'" (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1165 (*Valenti*), italics in original.) Motive is an element of Penal Code section 288.4. To convict defendant on count 4, the jury had to find that defendant was "motivated by an unnatural or abnormal sexual interest in children." (Pen. Code, § 288.4, subd. (a)(1); Pen. Code, § 288.4, subd. (b).) The trial court should have modified CALCRIM No. 370 to specify that it was inapplicable to the Penal Code section 288.4 violation charged in count 4. The issue is whether the trial court's error necessitates reversal of count 4.

### C. *Defendant Did Not Suffer Prejudice Necessitating Reversal of Count 4*

The parties agree that the instructional error here must be reviewed for prejudice under the "harmless beyond a reasonable doubt" standard articulated in *People v. Chapman* (1967) 386 U.S. 18, 24 (*Chapman*). The parties also agree that we should utilize the particularized *Chapman* analysis employed by the United States Supreme Court in *Neder v. United States* (1999) 527 U.S. 1 (*Neder*). We look to *Neder* to determine whether defendant suffered prejudice necessitating reversal. (See *Valenti, supra,* 243 Cal.App.4th at pp. 1165-1167 [treating conflicting instructions on motive as "a failure to instruct on an element of the offense" and applying *Neder* analysis to the error].)

In *Neder*, the Supreme Court concluded that an erroneous instruction that omits an element of an offense is subject to harmless error analysis under *Chapman*. (*Neder, supra,* 527 U.S. at p. 15; see also *People v. Gonzalez* (2012) 54 Cal.4th 643, 663.) When the trial court's instructions omit an element of an offense, *Neder* prescribes the following variation of the *Chapman* test: "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" (*Neder, supra,* 527 U.S. at p. 18.) *Neder* held that "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by

7

overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." (*Id.* at p. 17.)

Here, the motive element for count 4 was uncontested. We have reviewed the entire record, and defendant presented no evidence to contest the motive element of the Penal Code section 288.4 violation charged in count 4. Indeed, all of the elements of the Penal Code section 288.4 violation were uncontested. In closing argument, defense counsel conceded that defendant was guilty of violating Penal Code section 288.4 as charged in count 4. We thus must conclude that the motive element of count 4 was uncontested.

Overwhelming evidence supported the motive element of count 4. A defendant is guilty of violating Penal Code section 288.4 only if he was "motivated by an unnatural or abnormal sexual interest in children." (Pen. Code, § 288.4, subds. (a)(1) & (b).) This motive element is satisfied by any sexual interest in a child "because there can be no *normal* sexual interest in any child." (*People v. Shaw* (2009) 177 Cal.App.4th 92, 103, italics in original.) Overwhelming evidence demonstrated that defendant was motivated by sexual interest in a child when he arranged to meet Jane Doe on November 16, 2014. The evidence showed that defendant recognized that Jane Doe was a child. Defendant admitted that he knew Jane Doe was 12 years old, he referred to Jane Doe as a "child" in the police interview, and he described Jane Doe as "very young" in a Facebook message. The evidence also showed that defendant arranged the November 16, 2014 meeting in order to engage in sexual activity with Jane Doe. Before the meeting on November 16, 2014, defendant had sexual contact with Jane Doe—he admitted that he had rubbed Jane Doe's vagina and kissed her before November 16, 2014. On November 16, 2014, defendant expressed his desire to engage in further sexual activity with Jane Doe, stating his wish to "make love to" Jane Doe in a Facebook message. Defendant did in fact have sexual intercourse with Jane Doe at the November 16, 2014

8

meeting; family members discovered defendant and Jane Doe naked together, and defendant confessed that he had sex with Jane Doe on November 16, 2014. On this evidentiary record, we must conclude that the motive element of count 4 was supported by overwhelming evidence.

In light of the aforementioned circumstances, we are satisfied beyond a reasonable doubt that the motive element of count 4 was uncontested and supported by overwhelming evidence, such that the verdict would have been the same absent the instructional error. We therefore must conclude that reversal of count 4 is unwarranted.

Defendant contends that reversal of count 4 is required because a review of the entire record reveals that a "rational juror could have determined . . . that [his] conduct in arranging the meeting was motivated by a misguided romantic interest in Jane Doe, rather than a sexual interest in children." Defendant correctly points out that *Neder* requires a reviewing court to "conduct a thorough examination of the record." (*Neder, supra,* 527 U.S. at p. 19.) Defendant also correctly points out that *Neder* requires a reviewing court to determine "whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." (*Ibid.*) We have thoroughly reviewed the record, and we have found no evidence that could rationally lead to a contrary finding on the motive element of count 4. Although, as defendant points out, the evidence showed that he and Jane Doe declared their love for each other, those declarations in no way negated the overwhelming evidence demonstrating defendant's sexual interest in 12-year-old Jane Doe. Any sort of "misguided romantic interest" felt by defendant coexisted with defendant's sexual interest in Jane Doe. Defendant's argument in favor of reversal is not persuasive.

## II. *Penal Code Section 654*

Defendant contends that the concurrent prison terms imposed for count 3, contacting a minor with intent to commit a sexual offense, and count 4, meeting a minor

for lewd purposes, should have been stayed pursuant to Penal Code section 654 because those offenses "were incident to" the lewd acts convictions in counts 1 and 2. Defendant emphasizes that his "sole criminal objective in contacting Jane Doe and in arranging and going to a meeting with her was to commit lewd acts upon her." The Attorney General concedes that the prison terms for counts 3 and 4 must be stayed, noting that defendant "contacted and arranged a meeting with Jane on November 16, 2014 as a means of facilitating and accomplishing the sexual gratification he experienced when he committed lewd acts on her that evening."

Penal Code section 654 provides, in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Pen. Code, § 654, subd. (a).) Penal Code section 654 "bars multiple punishment when a defendant is convicted of two or more offenses that are incident to one objective." (*People v. Casica* (2014) 223 Cal.App.4th 320, 323.) Penal Code section 654 "does not allow any multiple punishment, including either concurrent or consecutive sentences." (*People v. Deloza* (1998) 18 Cal.4th 585, 592.)

We accept the Attorney General's concession. We accordingly will modify the judgment to stay the prison terms imposed for counts 3 and 4 pursuant to Penal Code section 654.

## DISPOSITION

The judgment is modified to stay the prison terms imposed for counts 3 and 4 pursuant to Penal Code section 654. As so modified, the judgment is affirmed.

10

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.


_____
MÁRQUEZ, J.

11