Filed 7/30/25  P. v. Felder CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ARTHUR GLENN FELDER, JR., <br><br> Defendant and Appellant. | D085875 <br><br><br> (Super. Ct. No. FVI21002973) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Miriam I. Morton, Judge.  Affirmed as modified.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Arthur Felder, Jr., appeals his sentence after a jury found him guilty of possession of an assault weapon (Pen. Code,[1] § 30605, subd. (a)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), and possession of ammunition by a felon (§ 30305, subd. (a)(1)), with two strike priors (§§ 667, subds. (b)–(i), 1170.12, subd. (a)).  The trial court imposed an aggregate prison sentence of seven years four months.  On appeal, Felder contends that consecutive and concurrent sentences imposed by the trial court violated section 654.

We agree that the trial court violated section 654 by imposing consecutive sentences for possession of a firearm and possession of ammunition for the firearm, and also by imposing concurrent sentences for possession of a firearm and possession of an assault weapon based on the same firearm.  We therefore modify the judgment to comply with section 654.  As so modified, the judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

A.  *The 911 Call and Investigation*

One afternoon in October 2021, Corey S. was sitting at his kitchen table on his computer when he heard a gunshot behind his apartment.  He opened his sliding glass door and saw a Black male holding what he believed was a shotgun with a pistol grip up in the air.  The person was wearing blue headphones, had a medical brace on his foot, and was hobbling and standing next to a wheelchair.  Corey S. did not see anyone else when he looked outside.  He later identified Felder as the person he saw holding the gun.

Corey S. called 911 and sheriff's deputies arrived on the scene within 10 minutes.  At the location of the incident, the deputies observed a Black male wearing a medical boot and blue headphones.  There was a wheelchair nearby.  The person was Felder.  Felder was walking with his brother and

---

[1]  Undesignated statutory references are to the Penal Code.

appeared to be limping. He was not carrying a gun. Felder was about 10 to 20 feet from the front door of an apartment where his mother and brother lived. At some point, Corey S. told the deputies that he had seen the Black male with the walking boot go inside that apartment.

The deputies received permission to search Felder's mother's apartment. They found items leading them to believe Felder had occupied the residence. In the living room, they found an AK-47 assault weapon with a pistol grip between the backrest of the couch and the couch cushions. They also found a loaded magazine with the weapon and two loose 7.62-caliber bullets, one on the couch and one on the floor between a baby crib and couch cushion. The magazine, which was also loaded with 24 7.62-caliber bullets, fit inside the AK-47. The deputies checked the area for fired cartridge casings, but did not find any, nor did they find bullet fragments. According to one of the deputies, the AK-47 looked like the gun Corey S. described except for the fact that he called it a shotgun.

Felder was a felon and was therefore prohibited from possessing a firearm or ammunition.

B.    *Trial Court Proceedings*

The People charged Felder with four crimes. Count one alleged discharge of a firearm with gross negligence (§ 246.3(a)). Count two alleged possession of a firearm by a felon (§ 29800(a)(1)). Count three alleged possession of ammunition by a felon (§ 30305(a)(1)). Count four alleged possession of an assault weapon (§ 30605(a)). The information further alleged two strike priors (§§ 667, subds. (b)–(i), 1170.12, subd. (a)).

At trial, the prosecution's theory was that the gun that was fired outside Corey S.'s apartment and that he saw Felder holding was the AK-47

3

later found in Felder's mother's apartment, and that Corey S. was mistaken in describing it as a shotgun.

At the close of the prosecution's evidence, the trial court granted the defense's section 1118.1 motion for acquittal of count one, discharge of a firearm with gross negligence, because it found there was no testimony about which direction Felder shot the gun or whether there were people around. The jury found Felder guilty of count two, possession of a firearm by a felon; count three, possession of ammunition by a felon; and count four, possession of an assault weapon. The court found the two strike priors to be true.

At Felder's sentencing hearing, the prosecutor argued that section 654, which prohibits multiple punishment for a single act or omission, did not apply to counts two and four because count two involved Felder's status as a felon and count four concerned the illegality of the gun itself. The defense argued that 654 did apply and that the court was punishing Felder twice for a single act. The court agreed with the prosecution, reasoning that section 654 did not apply because these counts have completely different requirements and are "totally different separate crimes." The court sentenced Felder to a doubled upper term of six years for count two, a doubled consecutive term of one year four months for count three, and a concurrent doubled upper term of six years for count four. The aggregate sentence imposed was seven years four months.

## DISCUSSION

### I

Felder first argues the trial court violated section 654 by imposing a sentence for possession of a firearm by a felon in count two, and a consecutive sentence for possession of ammunition by a felon in count three. We agree.

4

Section 654 prohibits multiple punishment for an "act or omission" that is punishable in different ways by different provisions of law. This restriction applies not only to a single act or omission, but also an indivisible "course of conduct" violating multiple provisions. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1207–1209.) Whether a course of conduct is divisible for purposes of section 654 depends on the intent and objective of the defendant. (*People v. Fuentes* (2022) 78 Cal.App.5th 670, 680.) If multiple offenses were incident to a single objective, the defendant may be punished for no more than one. (*Ibid*.) Simultaneous possession of different items of contraband, however, are separate acts for section 654 purposes when possession of one item is not essential to possession of the other. (*People v. Jones* (2012) 54 Cal.4th 350, 358 (*Jones*).)

When section 654 applies, it "does not allow any multiple punishment, including either concurrent or consecutive sentences." (*People v. Deloza* (1998) 18 Cal.4th 585, 592.) If punishment for multiple offenses is prohibited by section 654, the court must impose sentence for one of the offenses and stay sentence on the others. (*Id*. at pp. 591–592.) When the trial court makes no reference to section 654 during sentencing and does not stay a sentence on any count, this reflects an implied determination that each crime had a separate objective. (*People v. Tarris* (2009) 180 Cal.App.4th 612, 626.)

We review any express or implied factual findings underlying the trial court's ruling for substantial evidence. (*People v. Brents* (2012) 53 Cal.4th 599, 618.) We must review the record in a light most favorable to the trial court's decision and assume any facts the trial court could have reasonably deduced from the evidence presented at trial. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

5

"[S]ection 654 prohibits punishing a defendant for both being a felon in possession of a firearm and unlawful possession of ammunition when all of the ammunition in question was loaded into the firearm or had been fired from it." (*People v. Broadbent* (2020) 47 Cal.App.5th 917, 922; *Ibid.* [citing *People v. Lopez* (2004) 119 Cal.App.4th 132, 138 (*Lopez*) and *People v. Sok* (2010) 181 Cal.App.4th 88, 100].) Courts reason that "[w]hile there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, . . . [if] the ammunition is loaded into the firearm" there is one " 'indivisible course of conduct' " as allowing multiple punishment would " 'parse the objectives too finely.' " (*People v. Broadbent*, at p. 922, quoting *Lopez*, at p. 138.)

In *Lopez*, for example, the police conducted a patdown search of the defendant and found a loaded handgun in one of his pockets with one bullet in the chamber and seven more bullets in the magazine. (*Lopez, supra*, 119 Cal.App.4th at p. 135.) The court held that section 654 precluded separate punishment for possession of the firearm and possession of the ammunition. The court noted that an unloaded firearm could be used as a club or for intimidation, but it was extremely unlikely that ammunition alone could be used to commit another crime without a firearm. (*Id*. at p. 138.) It also observed that the Legislature's intent in barring certain persons from possessing firearms and/or ammunition was "to prohibit these persons from combining firearms with ammunition." (*Ibid*.) The court found the defendant's "obvious intent was to possess a loaded firearm" and concluded: "To allow multiple punishment for possessing ammunition in a firearm would, in our judgment, parse the objectives too finely." (*Ibid*.)

The People contend that this line of authorities does not apply here because the magazine was not loaded into the AK-47 when both were

discovered in the couch cushions, and there were also two loose bullets of the same type as those in the magazine found nearby. According to the People, "a gun and ammunition do not necessarily serve the same purpose, since ammunition can be used to resupply a gun that has been exhausted or give[n] to some other person who might need it."

We think this still parses the objectives too finely. According to the People's theory of the case, Felder fired the AK-47 outside, so it must have been loaded then. Before the police arrived, he must have removed the loaded magazine from the AK-47, placed the gun and magazine in the couch cushions of his mother's apartment, and left two of the bullets of the same type and caliber lying loose nearby. In these circumstances, we see no evidence that Felder had different or multiple objectives in possessing the firearm and the ammunition for use in that firearm. On this record, Felder's sole objective in possessing the gun and the ammunition was to have the ingredients necessary to fire the gun. There is no evidence that Felder had a separate objective to give the ammunition to someone else or use in a different gun. "Speculation about any other intent harbored by defendant is just that, speculation, and therefore not supported by substantial evidence." (*People v. Casica* (2014) 223 Cal.App.4th 320, 324.)

We therefore conclude that the trial court violated section 654 by separately punishing the firearm possession in count two and the ammunition possession in count three.

## II

Felder next argues the trial court violated section 654 by imposing a six-year term for possession of an assault weapon in count four to run concurrently with the sentence for possession of a firearm by a felon in count two. The People concede that Felder was improperly sentenced on these

7

counts, agreeing with Felder's argument that since his sole act of possessing an AK-47 served as the factual basis for both charges, the sentencing judge should have stayed the concurrent term on count four. We accept the People's concession. Possession of a single firearm on a single occasion is a single act and can be punished only once under section 654. (*Jones, supra*, 54 Cal.4th at pp. 357–358.)

III

Felder contends that the trial court's errors require a remand for full resentencing. Because the trial court believed section 654 did not apply, it did not exercise its discretion as to which sentences to stay and which to impose. (See *People v. Mani* (2022) 74 Cal.App.5th 343, 379 ["section 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence"].) We nevertheless conclude that a remand is unnecessary because the trial court's decision could not make a difference to the total sentence. As we have concluded, the court should only have imposed sentence on one of the three counts and stayed the sentences on the other two counts. But the sentencing triad for each of these three counts is the same: sixteen months, two years, or three years (doubled in this case because of Felder's strikes). (§§ 1170, subd. (h)(1), 29800, subd. (a)(1), 30305, subd. (a)(2), 30605, subd. (a).) Thus, it would make no difference which the court chose to impose and which it chose to stay. In these circumstances, a remand is unnecessary, and we will correct the error by modifying the sentence to stay the sentences on counts three and four to comply with section 654. (*People v. Bey* (2025) 108 Cal.App.5th 144, 167 [modifying judgment to correct section 654 error and finding that remand

8

for resentencing was unnecessary because the punishment for the two counts was the same].)

## DISPOSITION

The consecutive sentence for count three and the concurrent sentence for count four are reversed.  The judgment is modified to stay the sentences on counts three and four under section 654.  The trial court is directed to prepare an amended abstract of judgment reflecting this modification and forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgement is affirmed.

BUCHANAN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

9